[ECF No. 43]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| AMAALA MEDINA-JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF VENTNOR et al.,<br><br>Defendants. | Civil No. 22-7552 (SAK) |

## ORDER APPROVING SETTLEMENT INVOLVING A MINOR

This matter comes before the Court by way of Plaintiff's Motion for Approval of Wrongful Death Settlement Involving a Minor Beneficiary [ECF No. 43]. The parties have consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1), Federal Rule of Civil Procedure 73(b), and Local Civil Rules 73.1. *See* Consent Order, ECF No. 41. The Court has received and reviewed the following: Plaintiff's Motion [ECF No. 43]; the Settlement Agreement, providing the terms of the agreement and release with Defendants; Plaintiff's Retainer Agreement dated October 26, 2020; Motion Objecting to the Proposed Settlement Involving a Minor filed by Sheryl Wood, Esquire on behalf non-party Kayla Drevenak; Sheryl Wood, Esquire's September 11, 2025 Letter; and the September 4, 2025 Order from the Atlantic County Superior Court, Chancery Division - Probate Part. The Court held an on-the-record friendly conference *via* Teams Video on November 12, 2025, noting the following appearances: **Ejike N. Uzor, Esquire** and **O. William Igbokwe, Esquire** on behalf of Plaintiff Amaala Medina-Johnson; **Greg DiLorenzo, Esquire** on behalf of Defendant City of Ventnor; **Thomas B. Reynolds, Esquire** on behalf of Defendant Police Officers Michael Arena, Pierluigi Mancuso, and Robert Scarborough; and

**Sheryl Wood, Esquire** on behalf of non-party Kayla Drevenak. Plaintiff Medina-Johnson and Kayla Drevenak were also present for the hearing.

The Court notes that Defendants have not objected to the proposed settlement, while non-party Drevenak has objected. The Court finds that the proposed settlement is fair and reasonable under all of the circumstances, and the Court further finds the proposed settlement to be in the minor's best interest. The Court finds the litigation expenses of $8,155.22 to be fair and reasonable for the effective prosecution of the case. The Court further finds attorneys' fees in the amount of 25% of the gross settlement amount, minus litigation expenses, to be reasonable and consistent with New Jersey Court Rule 1:21-7(c)(6). Accordingly, for all the foregoing reasons, for the reasons stated on the record at the friendly hearing, and for good cause shown;

**IT IS** this **13th** day of **November, 2025**;

**ORDERED** that Plaintiff's Motion for Approval of Wrongful Death Settlement Involving a Minor Beneficiary [ECF No. 43] is **GRANTED**; and it is further

**ORDERED** that the Court approves the proposed settlement in the gross amount of $150,000; and it is further

**ORDERED** that litigation expenses in the amount of $6,712.35 shall be reimbursed to Plaintiff's counsel; and it is further

**ORDERED** that litigation expenses in the amount of $1,442.87 shall be reimbursed to the Wood Law Firm, PLLC; and it is further

**ORDERED** that attorneys' fees in the amount of $35,461.20 shall be paid to Plaintiff's counsel; and it is further

**ORDERED** that, consistent with the September 4, 2025 Order from the Atlantic County Superior Court, the settlement check shall be turned over to the Atlantic County Surrogate Office.

Defense counsel shall make arrangements with Court-appointed General Administrator, Dorothy McCrosson, Esquire, to facilitate this State Court directive; and it is further

**ORDERED** that Plaintiff's counsel shall serve a copy of this Order upon Ms. McCrosson, who shall make payments consistent with this Order; and it is further

**ORDERED** that the Clerk of the Court shall mark this matter as **CLOSED**.

s/ Sharon A. King<br>
SHARON A. KING<br>
United States Magistrate Judge